**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SOPHOS LIMITED AND SOPHOS INC.,

        Plaintiffs,

    v.

FORTINET, INC.,

        Defendant.

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

## NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Patent Nos. 7,130,854; 7,159,125; and 8,479,267 (the "Asserted Patents").  This action arises under the laws of the United States relating to patents, including 35 U.S.C. § 281.

## THE PARTIES

2.      Plaintiff Sophos Limited ("Sophos Ltd.") is an Oxford, UK corporation having its principal place of business at The Pentagon, Abingdon Science Park, Abingdon OX14 3YP. Plaintiff Sophos Inc. ("Sophos Inc.") is a Massachusetts corporation having its principal place of business at 3 Van de Graaff Drive, Second Floor, Burlington, Massachusetts 01803.  Sophos Ltd. and Sophos Inc. are collectively referred to as "Sophos."  For nearly 30 years Sophos has been a global leader in antivirus and endpoint security protection.

3.      Defendant Fortinet, Inc. ("Fortinet") is a Delaware corporation having a principle place of business at 1090 Kifer Road, Sunnyvale, California 94086.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101 *et seq.*

5.      Fortinet is subject to personal jurisdiction in this district because it is a

corporation duly incorporated under the laws of Delaware and it has purposefully engaged in

activities giving rise to these claims for patent infringement that were and are directed at this

judicial district.

6.      Venue properly lies within the District of Delaware pursuant to the provisions of

28 U.S.C. §§ 1391(b), (c) and (d) and 28 U.S.C. § 1400(b), because Defendant Fortinet

maintains or has maintained continuous and systematic contacts with this judicial district,

because Fortinet is subject to personal jurisdiction in this state, and because Fortinet resides in

this judicial district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b).

## FACTUAL BACKGROUND

7.      Sophos is headquartered in Oxford, UK with operations around the world.

Sophos's United States headquarters is in Burlington, Massachusetts.  Over the course of nearly

30 years, the company has grown to more than 1,700 employees working in dozens of countries

around the world.

8.      Sophos began producing computer security products nearly 30 years ago—more

than a decade before Fortinet was founded and twice as long as Fortinet has been in business.

Sophos's early groundbreaking work in developing security software and hardware enabled an

entire industry to grow and thrive.  Sophos provides complete security solutions that are simple

to deploy, manage and use, which deliver the industry's lowest total cost of ownership.  Sophos

offers award winning encryption, endpoint security, web, email, mobile and network security

backed by SophosLabs, a network of threat intelligence centers.

9.      Today Sophos's products help secure the networks used by 100 million people in 150 countries and 100,000 businesses, including the United States Government, Pixar, Under Armour, Northrop Grumman, Xerox, Ford, Avis and Toshiba.

10.     In January 2007, Sophos acquired ENDFORCE, Inc. a leader in endpoint security policy compliance and network access control (NAC) and NAC management.  ENDFORCE deployed its software-based NAC solutions to some of the most complex multi-national corporate networks in the world.  Sophos's acquisition of this key security technology enabled Sophos to provide its customers with the most proven mass-deployed enterprise NAC solution on the market.

11.     Sophos has won numerous awards and accolades for its groundbreaking and innovative products.  Most recently, in November 2013, Sophos was named Security Vendor of the Year at the Computer Reseller News (CRN) Channel Awards ceremony in London.  Now in its 20th year, the CRN Awards represents the pinnacle of achievement in the UK market, rewarding outstanding performance in the IT channel.  In 2013, Sophos was recognized as a leader in the industry by Gartner, in the Gartner Magic Quadrant for Mobile Data Protection, the Gartner Magic Quadrant for Unified Threat Management and the Gartner Magic Quadrant for Endpoint Protection Platforms.  In May 2013, Sophos was awarded SC Magazine's 2013 "Protector Award" for its RED solution at the 2013 Australian Information Security Awards.  In April 2013, Sophos won the VB100 award for Sophos Endpoint Security and Control as part of Virus Bulletin's comparative review on Windows XP.  In contrast, Fortinet came in next-to-last place in the AV Comparatives and received only a "Standard" rating for its FortiClient Lite 4.3.5.

12.     On information and belief, Defendant Fortinet competes with Sophos in the network security industry.

## COUNT I

**Infringement of United States Patent No. 7,130,854**

13.     Sophos realleges and incorporates the preceding paragraphs of its Complaint.

14.     United States Patent No. 7,130,854 ("the '854 patent") was issued on October 31, 2006 to Mark A. Beadles, William S. Emerick, Kevin A. Russo, Kenneth E. Mulh and Raymond J. Bell.  A copy of the '854 patent, titled "Selection and Storage of Policies in Network Management" is attached as Exhibit A.

15.     Sophos Ltd. is the owner of the entire right, title and interest in and to the '854 patent.

16.     Fortinet has directly infringed and continues to directly infringe the '854 patent, both literally and under the doctrine of equivalents, by making, using, offering for sale, and/or selling within the United States, without permission or license from Sophos, products that embody the inventions disclosed and claimed in the '854 patent, and/or by importing into the United States products that embody the inventions disclosed and claimed in the '854 patent.  By way of example and not limitation, Fortinet's FortiManager Security Management products infringe claims 1-4 of the '854 patent.

17.     In addition to direct infringement, Sophos is informed and believes that Fortinet has induced and contributed to infringement by others of the '854 patent.  By way of example and not limitation, Fortinet offers to sell and/or sells within the United States to its customers or imports into the United States components of patented devices, including but not limited to, the Fortinet products identified above, knowing the same to be especially made or especially adapted

for use in an infringement of the '854 patent.  Such components are not staple articles or
commodities of commerce suitable for substantial noninfringing use.

18.     Fortinet had actual notice of the '854 patent, at least as of the filing date of this
Complaint.

19.     On information and belief, Fortinet also induces infringement and contributorily
infringes some or all of the asserted claims of the '854 patent.  For example, Fortinet induces
infringement and/or contributorily infringes when its customers operate Fortinet's FortiManager
Security Management products in their intended manner in the United States and/or when
Fortinet performs quality assurance testing or otherwise operates the accused products in their
intended manner in the United States.

20.     Evidence of Fortinet's contributory infringement includes, but is not limited to:
(i) Fortinet's knowledge of the '854 patent since at least as of the filing date of this Complaint;
(ii) Fortinet's knowledge that its accused products are especially adapted to infringe the '854
patent; and (iii) the lack of substantial noninfringing uses for Fortinet's FortiManager Security
Management products.  The lack of substantial noninfringing uses with respect to the '854 patent
is confirmed by the fact that Fortinet's FortiManager Security Management products are sold
with all the components required by the asserted claims of the '854 patent.  Not only are all the
components designed to implement the infringing features, but the default settings of infringing
FortiManager Security Management products, as sold, are set accordingly.

21.     Evidence of inducement of infringement will include, but is not limited to:  (i)
Fortinet's knowledge of the '854 patent since at least as of the filing date of this Complaint; (ii)
Fortinet's intent to induce direct infringement of the '854 patent; (iii) Fortinet's active
inducement of third parties' direct infringement; and (iv) Fortinet's actual or constructive

knowledge that its actions would induce infringement.  For example, Fortinet induces infringement by at least providing the FortiManager Security Management products in a default configuration that implement the infringing features, and by instructing its customers (in user manuals and otherwise) to operate the FortiManager Security Management products in an infringing manner.

22.     Sophos has been irreparably harmed by Fortinet's acts of infringement, and will continue to be harmed unless and until Fortinet's acts of infringement are enjoined and restrained by order of this Court.  Sophos has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Fortinet and its infringing products.

23.     As a result of Fortinet's acts of infringement, Sophos has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT II

### Infringement of United States Patent No. 7,159,125

24.     Sophos realleges and incorporates the preceding paragraphs of its Complaint.

25.     United States Patent No. 7,159,125 ("the '125 patent") was issued on January 2, 2007 to Mark A. Beadles, William S. Emerick, Kevin A. Russo, Kenneth E. Mulh and Raymond J. Bell.  A copy of the '125 patent, titled "Policy Engine for Modular Generation of Policy for a Flat, Per-Device Database" is attached as Exhibit B.

26.     Sophos Ltd. is the owner of the entire right, title and interest in and to the '125 patent.

27.     Fortinet has directly infringed and continues to directly infringe the '125 patent, both literally and under the doctrine of equivalents, by making, using, offering for sale, and/or selling within the United States, without permission or license from Sophos, products that embody the inventions disclosed and claimed in the '125 patent, and/or by importing into the

United States products that embody the inventions disclosed and claimed in the '125 patent. By way of example and not limitation, Fortinet's FortiManager Security Management products infringe at least claims 1, 9, 14-16, 18-19, and 21-22 of the '125 patent.

28.     In addition to direct infringement, Sophos is informed and believes, and on that basis alleges, that Fortinet has induced and contributed to infringement by others of the '125 patent. By way of example and not limitation, Fortinet offers to sell and/or sells within the United States to its customers or imports into the United States components of patented devices, including but not limited to the Fortinet products identified above, knowing the same to be especially made or especially adapted for use in an infringement of the '125 patent. Such components are not staple articles or commodities of commerce suitable for substantial noninfringing use.

29.     Fortinet had actual notice of the '125 patent, at least as of the filing date of this Complaint.

30.     On information and belief, Fortinet also induces infringement and contributorily infringes some or all of the asserted claims of the '125 patent. For example, Fortinet induces infringement and/or contributorily infringes when its customers operate Fortinet's FortiManager Security Management products in their intended manner in the United States and/or when Fortinet performs quality assurance testing or otherwise operates the accused products in their intended manner in the United States.

31.     Evidence of Fortinet's contributory infringement includes, but is not limited to: (i) Fortinet's knowledge of the '125 patent since at least as of the filing date of this Complaint; (ii) Fortinet's knowledge that its accused products are especially adapted to infringe the '125 patent; and (iii) the lack of substantial noninfringing uses for Fortinet's FortiManager Security

Management products.  The lack of substantial noninfringing uses with respect to the '125 patent is confirmed by the fact that Fortinet's FortiManager Security Management products are sold with all the components required by the asserted claims of the '125 patent.  Not only are all the components designed to implement the infringing features, but the default settings of infringing FortiManager Security Management products, as sold, are set accordingly.

32.     Evidence of inducement of infringement will include, but is not limited to:  (i) Fortinet's knowledge of the '125 patent since at least as of the filing date of this Complaint; (ii) Fortinet's intent to induce direct infringement of the '125 patent; (iii) Fortinet's active inducement of third parties' direct infringement; and (iv) Fortinet's actual or constructive knowledge that its actions would induce infringement.  For example, Fortinet induces infringement by at least providing the FortiManager Security Management products in a default configuration that implement the infringing features, and by instructing its customers (in user manuals and otherwise) to operate the FortiManager Security Management products in an infringing manner.

33.     Sophos has been irreparably harmed by Fortinet's acts of infringement, and will continue to be harmed unless and until Fortinet's acts of infringement are enjoined and restrained by order of this Court.  Sophos has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Fortinet and its infringing products.

34.     As a result of Fortinet's acts of infringement, Sophos has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT III

### Infringement Of United States Patent No. 8,479,267

35.     Sophos realleges and incorporates the preceding paragraphs of its Complaint.

36.     United States Patent No. 8,479,267 ("the '267 patent") was issued on July 2, 2013 to Daryl E. Donley and David P. Keene.  A copy of the '267 patent, titled "System and Method for Identifying Unauthorized Endpoints" is attached as Exhibit C.

37.     Sophos Ltd. is the owner of the entire right, title and interest in and to the '267 patent.

38.     Fortinet has directly infringed and continues to directly infringe the '267 patent, both literally and under the doctrine of equivalents, by making, using, offering for sale, and/or selling within the United States, without permission or license from Sophos, products that embody the inventions disclosed and claimed in the '267 patent, and/or by importing into the United States products that embody the inventions disclosed and claimed in the '267 patent.  By way of example and not limitation, Fortinet's FortiManager Security Management products infringe at least claims 1, 4, 5, 7 and 9 of the '267 patent.

39.     In addition to direct infringement, Sophos is informed and believes, and on that basis alleges, that Fortinet has induced and contributed to infringement by others of the '267 patent.  By way of example and not limitation, Fortinet offers to sell and/or sells within the United States to its customers or imports into the United States components of patented devices, including but not limited to the Fortinet products identified above, knowing the same to be especially made or especially adapted for use in an infringement of the '267 patent.  Such components are not staple articles or commodities of commerce suitable for substantial noninfringing use.

40.     Fortinet had actual notice of the '267 patent, at least as of the filing date of this Complaint.

41.     On information and belief, Fortinet also induces infringement and contributorily infringes some or all of the asserted claims of the '267 patent.  For example, Fortinet induces infringement and/or contributorily infringes when its customers operate Fortinet's FortiManager Security Management products in their intended manner in the United States and/or when Fortinet performs quality assurance testing or otherwise operates the accused products in their intended manner in the United States.

42.     Evidence of Fortinet's contributory infringement includes, but is not limited to: (i) Fortinet's knowledge of the '267 patent since at least as of the filing date of this Complaint; (ii) Fortinet's knowledge that its accused products are especially adapted to infringe the '267 patent; and (iii) the lack of substantial noninfringing uses for Fortinet's FortiManager Security Management products.  The lack of substantial noninfringing uses with respect to the '267 patent is confirmed by the fact that Fortinet's FortiManager Security Management products are sold with all the components required by the asserted claims of the '267 patent.  Not only are all the components designed to implement the infringing features, but the default settings of infringing FortiManager Security Management products, as sold, are set accordingly.

43.     Evidence of inducement of infringement will include, but is not limited to:  (i) Fortinet's knowledge of the '267 patent since at least as of the filing date of this Complaint; (ii) Fortinet's intent to induce direct infringement of the '267 patent; (iii) Fortinet's active inducement of third parties' direct infringement; and (iv) Fortinet's actual or constructive knowledge that its actions would induce infringement.  For example, Fortinet induces infringement by at least providing the FortiManager Security Management products in a default configuration that implement the infringing features, and by instructing its customers (in user

manuals and otherwise) to operate the FortiManager Security Management products in an infringing manner.

44.     Sophos has been irreparably harmed by Fortinet's acts of infringement, and will continue to be harmed unless and until Fortinet's acts of infringement are enjoined and restrained by order of this Court.  Sophos has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Fortinet and its infringing products.

45.     As a result of Fortinet's acts of infringement, Sophos has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Sophos respectfully requests that judgment be entered:

A.     Declaring that Fortinet has infringed and is infringing the claims of the Asserted Patents;

B.     Compensating Sophos for all damages caused by Fortinet's infringement of the Asserted Patents;

C.     Enhancing Sophos's damages up to three times their amount under 35 U.S.C. § 284;

D.     Granting Sophos pre- and post-judgment interests, together with all costs and expenses;

E.     Granting Sophos its reasonable attorneys' fees under 35 U.S.C. § 285;

F.     Granting a preliminary and permanent injunction enjoining and restraining Fortinet and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with it, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, that fall within the scope of any claim of the Asserted Patents; and

G.      Awarding such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Sophos respectfully requests a trial by jury on all claims so triable.


Dated: January 24, 2014


*Of Counsel*:

John Allcock
Sean C. Cunningham
Kathryn Riley Grasso
Ryan W. Cobb
David R. Knudson
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2900 (Phone)
(619) 764-7620 (Facsimile)

Todd S. Patterson
**DLA PIPER LLP (US)**
401 Congress Avenue
Suite 2500
Austin, Texas 78701-3799
(512) 457-7000 (Phone)
(512) 457-7001 (Facsimile)

**DLA PIPER LLP (US)**

*/s/ Denise S. Kraft*
Denise S. Kraft (I.D. No. 2778)
Brian Biggs (I.D. No. 5591)
1201 North Market Street, Suite 2100
Wilmington, DE  19801-1147
Phone: 302-468-5700
Fax:    302-394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Plaintiffs*
*Sophos Limited and Sophos Inc.*